OPINION of the Court, by
Judge Logan.
— Jones, the appellant, exhibited his bill, praying the c.incelment of a deed of trust which he had executed to the appel-' lee, and for the restoration of certain slaves mentioned in said deed.
The bill charges that the deed was given for the purpose of indemnifying the defendant as the security of the complainant in certain su ts then depending; that the complainant being compelled to leave this state on business for Virginia, desired that if judgment should be obtained against him, that the (defendant would re-plevy the same, and ihat he would remit the money before the time of replevving expired ; which the defendant promised to do, but with the intent to defraud him the defendant failed to replevy the debts, paid them off himself, and immediately thereafter advertised, exposed to sale and became the purchaser himself of two of the most valuable slaves mentioned in the ■ deed of trust; pretending at the same time that his object was merely to indemnify himself as security, when in truth and in fact it was the more completely to enable him to defraud the complainant and hold possession of his ne-groes,. thereby preventing others from bidding and procuring the sales of the slaves for much less than their real value. That whilst in Virginia the defendant had written to him that he would purchase the negroes in order that the complainant might have it in his power to redeem them ; that he had written to the defendant more than once requesting him to replevy the debts, and giving assurances that before the expiration of the re-plevy bonds he would remit the money from Virginia.
It is farther alleged that the complainant was an infant at the time of executing the deed of trust, and that the deed was never recorded. ⅜
*454 The defendant in his answer states, and the exhibits *a t^le cause prove that the negroes were taken and sold under execution by the sheriff; that they sold for near their value under an incumbrance of a few months’ hire, of which the complainant received the entire benefit ; that neither of the slaves sold for the amount of the several executions, but both considerably exceeded that sum ; that the defendant had just demands of his own against the complainant,' araoumiag to more than the excess produced by the sales of the two negroes* and that he has repeatedly offered since the complainant returned from Virginia, to give up said slaves upon being reimbursed the sums justly due him. He denies infancy, &c.
Two questions are properly presented for examination —1st, As to the right of the complainant under the deed of trust; and 2d, the effect of the sales under the executions.
The complainant’s right, as founded upon the deed of trust, is unquestionable, upon the payment of the several sums to which the defendant was in equity entitled. But before he can obtain the aid of a court of chancery, he ought to shew that he offered equity on his own part. This we think he has not done. He was equitably bound to reimburse the defendant the several sums he had advanced for his benefit, and his just and legal demands -against him. His letters tendered those assurances to the defendant, and reminded him of the indemnity in his own hands.
Having then omitted to make these payments, or to shew his ability and willingness to do so, the court below correctly refused its aid and dismissed his bill. Whether, however, the dismissal should not have been without prejudice, presents another question for examination. But this inquiry would be rendered unnecessary, if the sales under the executions can be regarded as regular and legal: for it will be observed that the defendant does not rest his defence merely upon the deed of trust, but upon the sales under the executions: that he does not stand in the double character off seller and buyer, and is not therefore within the reason of the law applicable to estates held in trust and sold and purchased by the trustee himself.
*455 As the decision of this court, however, upon the deed of trust, might not terminate the controversy between the parties, but leave the question as to the complainant’s right to redeem and to hireage for the slaves on one hand, and the defendant’s right to sell on the other, still open for determination through.tedious and perplexing litigation, we have been induced to investigate the matter of defence introduced by the defendant as a complete bar to the complainant’s right of recovery.
The matter of defence, as has already been mention'ed, is founded on the sheriff’s sale of those negroes. Thi9, as matter in bar of the complainant’s right, thus introduced by the defendant, may be inquired into by ^he court.
Whether the sales were regular and authorised by law, depends on two questions apparent in this cause — , 1st, The deed of trust for those slaves ; and 2d, the hireage at the time to other persons.
By tfj.e act of 1796 regulating conveyances, estates of every kind, holden or possessed in trust, orto the use or benefit of another, are made subject to the debts of the cestui que use, as though the interest in the use was in the thing itself thus holden, or in the same manner as if the estate in trust were to the same extent in the. possession of the cestui que use.
Now these slaves being held in trust for the payment of those debts, they were in trust to the use and benefit of the complainant, and consequently liable to the executions.
But the objection does not. come from the trustee, and the cestui que use, for whose debt they were pledged and sold, can have no good ground of complaint in consequence of the trustee’s interest under the deed.
The same answer will measurably apply to the objection arising from the hired situation of the negroes when they were taken and sold by virtue of the executions. The objection does not come from those having them hired, and there is .no good reason that the debtor should object; unless indeed it were to sanction a principle pregnant with the most fraudulent consequences, in favor of the debtor. The principle that goods pawned, or in pledge, or let for a term, cannot be taken in execution, we apprehend is from a regard to the parti- *456 cülaf interest of the pawnee, See. and not from any right °f the debtor, the absolute owner thereof;
But we have been able to find no cáse where the doctrine has been carried.so far as to protect such property from execution, where the person having the qualified or partial and limited interest in the same has consented thereto, or waived all objection on his part.
Decree affirmed;